UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE AYALA,<br><br>    Plaintiff,<br><br>    v.<br><br>SOCIAL SECURITY ADMINISTRATION,<br><br>    Defendant. | Case No. CV 10-6787-CJC (OP)<br><br>ORDER RE: DISMISSAL OF SOCIAL SECURITY COMPLAINT FOR FAILURE TO PROSECUTE |

## I.

## **PROCEEDINGS**

On September 20, 2010, Plaintiff filed a Petition for Writ of Mandamus ("Petition") against the Social Security Administration based on the denial of his social security benefits. (Dkt. Nos. 3, 4.) On October 12, 2010, the Court issued its case management order. (Dkt. No. 7.) In that order, Plaintiff was required to promptly serve the summons and Petition on the Commissioner of the Social Security Administration in the manner required by Rule 4(i) of the Federal Rules of Civil Procedure. (Id. at 1, 2.) Plaintiff was also ordered to file a proof of service showing compliance with this requirement within twenty-eight (28) days after the filing of the Petition. (Id. at 2.)

1

1  Finally, Plaintiff was admonished that his failure to comply with this requirement could
2  result in dismissal of the case. (Id.)
3        On February 18, 2011, after Plaintiff failed to file the proof of service, the Court
4  issued an Order to Show Cause ("OSC") no later than March 11, 2011, why this case
5  should not be dismissed for failure to prosecute. The Court informed Plaintiff that the
6  filing of the proof service in compliance with the case management order by March 11,
7  2011, would be deemed compliance with the OSC. The Court further cautioned Plaintiff
8  that the failure to file the proof of service by March 11, 2011, shall result in the Court
9  recommending that this action be dismissed without prejudice for failure to prosecute.
10 (Dkt. No. 8.) On March 8, 2011, the OSC was returned as undeliverable. (Dkt. No. 9.)
11 To date, Plaintiff has failed to file the proof of service, has not filed a response to the
12 OSC, has not requested an extension of time to do so, and has not otherwise
13 communicated with the Court.
14       For the reasons set forth below, the Court dismisses the Petition without prejudice
15 for failure to prosecute.

## II.

## DISCUSSION

18       It is well established that a district court has authority to dismiss a plaintiff's
19 action because of his or her failure to prosecute or to comply with court orders. See Fed.
20 R. Civ. P. 41(b); Link v. Wabash Railroad Co., 370 U.S. 626, 629-30, 82 S. Ct. 1386, 8
21 L. Ed. 2d 734 (1962) (holding that a court's authority to dismiss for lack of prosecution
22 is necessary to prevent undue delays in the disposition of pending cases and to avoid
23 congestion in the calendars of the district courts); Ferdik v. Bonzelet, 963 F.2d 1258,
24 1260 (9th Cir. 1992) (holding that a district court may dismiss an action for failure to
25 comply with any order of the court).
26       Local Rule 41-6 of the United States District Court for the Central District of
27 California provides as follows:

2

***Dismissal - Failure of Pro Se Plaintiff to Keep Court Apprised of Current Address***. A party proceeding *pro se* shall keep the Court and opposing parties apprised of such party's current address and telephone number, if any. If mail directed by the Clerk to a *pro se* plaintiff's address of record is returned undelivered by the Postal Service, and if, within fifteen (15) days of the service date, such plaintiff fails to notify, in writing, the Court and opposing parties of said plaintiff's current address, the Court may dismiss the action with or without prejudice for want of prosecution.

Here, the Court issued the OSC on February 18, 2011, which was returned on March 8, 2011. Petitioner failed to notify the Court of his current address within fifteen days of the service date of the OSC as required by Local Rule 41-6. His failure to keep the Court apprised of his current address renders this case indistinguishable from Carey v. King, 856 F.2d 1439, 1441 (9th Cir. 1988). There, in affirming the district court's dismissal of a case for failure to prosecute, the Ninth Circuit observed that "[i]t would be absurd to require the district court to hold a case in abeyance indefinitely just because it is unable, through the plaintiff's own fault, to contact the plaintiff to determine if his reasons for not prosecuting his lawsuit are reasonable or not." Id.

In Carey, the Ninth Circuit also cited the following factors as relevant to the district court's determination of whether dismissal of a pro se plaintiff's action is warranted: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits, and (5) the availability of less drastic sanctions. Id. at 1440.

Plaintiff has further failed to file the proof of service, has not filed a response to the OSC, has not requested an extension of time to do so, and has not otherwise communicated with the Court. Plaintiff's conduct hinders the Court's ability to move this case toward disposition and indicates that Plaintiff does not intend to litigate this

1 action diligently. Thus, the first two factors weigh in favor of dismissal.

2 Next, a rebuttable presumption of prejudice to defendants arises when a plaintiff unreasonably delays prosecution of an action. See In re Eisen, 31 F.3d 1447, 1452-53 (9th Cir. 1994). Nothing suggests that such a presumption is unwarranted here. Thus, the third factor also weighs in favor of dismissal.

It is a plaintiff's responsibility to move a case toward a disposition at a reasonable pace and to avoid dilatory and evasive tactics. See Morris v. Morgan Stanley Co., 942 F.2d 648, 652 (9th Cir. 1991). Plaintiff has not discharged this responsibility. In these circumstances, the public policy favoring resolution of disputes on the merits does not outweigh Plaintiff's failure to file the proof of service. Thus, the fourth factor weighs in favor of dismissal.

Finally, the Court attempted to avoid dismissal by allowing Plaintiff additional time to comply with the Court's order and cautioned him that this action was subject to dismissal for failure to prosecute. Plaintiff has failed to file the proof of service, has not filed a response to the OSC, has not requested an extension of time to do so, and has not otherwise communicated with the Court. Thus, the fifth factor weighs in favor of dismissal.

Based on the foregoing, the Court finds that dismissal of the Petition without prejudice for failure to prosecute is warranted.

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

4

## III.

## **ORDER**

IT IS THEREFORE ORDERED that the Petition for Writ of Mandamus is hereby dismissed without prejudice for failure to prosecute, and Judgment shall be entered accordingly.

DATED: April 1, 2011

HONORABLE CORMAC J. CARNEY
United States District Judge

Presented by:

HONORABLE OSWALD PARADA
United States Magistrate Judge